NORTHCUTT, Judge. On November 17, 2016, Sonia A. Johnson and Casper D. Johnson, the co-personal representatives of the estate of Lillian Unanue, filed á final accounting of the estate and a petition for discharge of personal representatives. The probate court entered an order of discharge on December 5, 2016, finding that the estate had been fully administered and properly distributed. Two beneficiaries of the estate, Robert -and. George Unanue, filed an objection to the final accounting and petition for discharge qn December 16, 2016. In this appeal, they seek reversal of the order of discharge because the probate court improperly curtailed the time for objecting to the final accounting, in violation of Florida Probate Rule 5.400. The personal representatives have filed a notice stating that they do not oppose the appeal. Rule 5.400(b)(6) provides that a petition for. discharge must contain a statement that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objec-. tion is abandoned. In the present case, the order of discharge was entered eighteen days after the final accounting and the petition for discharge were filed. There is no date of service on the aforementioned pleadings; however, they would have been served simultaneously with or shortly after their electronic filing. The premature entry of the order of discharge therefore did not allow for consideration of the timely filed objection. Accordingly, we reverse the order of discharge and we remand for further proceedings. Reversed and remanded. CASANUEVA and SALARIO, JJ., Concur.